I concur with the majority's decision to affirm Johnson's convictions and sentences for establishing a residence within 2,000 feet of a school or childcare facility and for establishing a residence or other living accommodation where a minor resides. I further concur with the majority's decision to affirm Johnson's conviction for transferring his legal residence without first submitting proper notice of his intent to move. However, I respectfully dissent from the majority's decision to remand Johnson's case to the circuit court with instructions that he be resentenced for his conviction for transferring his legal residence without first submitting proper notice of his intent to move. The majority's rationale is based on its conclusion that in 2004, when Johnson actually transferred his legal residence without first submitting proper notice of his intent to move, a violation of § 15-20-23(a), Ala. Code 1975, was a Class A misdemeanor, as opposed to the Class C felony for which he was convicted and sentenced.
I agree with the State's argument that this offense constitutes a continuing offense. The State's argument is based on this Court's decision in State v. Goldberg, 819 So.2d 123
(Ala.Crim.App. 2001). Although Goldberg involved a conviction for failing to register as a sex offender, in violation of § 13A-11-200, Ala. Code 1975, rather than a violation of § 15-20-23,1 fail to see the distinction between these two offenses that would make one — and not the other — a continuing offense. In my opinion, Johnson's transference of his legal residence without first submitting proper notice of his intent to move constituted a continuing offense. Therefore, Johnson was properly sentenced for a Class C felony offense. Accordingly, I see no reason to remand this case for Johnson to be resentenced for a Class A misdemeanor.